IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEONTTAYY A. PRATT,** | : | CIVIL ACTION NO. 1:20-CV-1071 |
| Plaintiff | : | |
| v. | : | (Judge Conner) |
| **TINA LITZ**, *et al.*, | : | |
| Defendants | : | |

### MEMORANDUM

Plaintiff Leonttayy A. Pratt, an inmate presently confined at the Lebanon County Correctional Facility ("LCCC") in Lebanon, Pennsylvania, initiated the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff has also filed motions for leave to proceed *in forma pauperis*. (Docs. 7, 8.) Plaintiff names as defendants Deputy Warden Tina Litz, Medical Supervisor Nurse Emily Bryk, and Doctor Jessica Orner, all of whom are employed at LCCC. (Doc. 1 at 2.) An initial screening of the complaint has been conducted and, for the reasons set forth below, the court will dismiss the complaint with leave to amend granted.

**I.     Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental

employee or entity. See 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2] The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b).

## II. Allegations in the Complaint

Plaintiff alleges that Nurse Bryk is in charge of the medical center at LCCC. (Doc. 1 at 3.) Plaintiff has sought to address his unspecified issues with her on different occasions, without a satisfactory resolution. (Id.) Plaintiff alleges that she ignores his medical needs. (Id.) In addition, plaintiff alleges that Dr. Orner has failed to provide him with an unspecified recommendation from an orthopedic doctor, despite Dr. Orner having first hand knowledge of his unspecified injuries.

---

[1] Section 1915(e)(2) of title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

(Id.)  Finally, plaintiff alleges that Deputy Warden Litz received his grievances and has the "final say" when it comes to the medical care of inmates.  (Id. at 2.)

### III. Discussion

Plaintiff has brought his constitutional claims pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law."  Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993).  "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"  Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)).

"[I]n order to state a cognizable [medical] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  "[T]o succeed under these principles, plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that

3

those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). This standard affords considerable latitude for medical professionals within a prison to diagnose and treat the medical problems of inmate patients. See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979); Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa. 1996). Some of the more common situations in which "deliberate indifference" has been found include when the defendant knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment based on a non-medical reason, and prevents a prisoner from receiving needed or recommended medical treatment. Id.

Plaintiff's claims against defendants Nurse Bryk and Dr. Orner fail as a matter of law. First, plaintiff has failed to allege that he has a serious medical need. Plaintiff alleges only that he has "issues" which were not resolved to his satisfaction by employees in the medical department and that his "injuries" were known to them. In addition, plaintiff has failed to allege facts from which the court could infer that defendants were deliberately indifferent to a serious medical need, had plaintiff alleged one. Plaintiff's allegation that Nurse Bryk "ignore[d]" his medical needs is conclusory. Further, Plaintiff's allegation that Dr. Orner did not provide him with a recommendation by an orthopedic doctor fails to establish that this recommendation was medically necessary and that Dr. Orner intentionally refused to provide it or prevented him from receiving it.

Plaintiff's allegations against Deputy Warden Litz fail to establish the personal involvement necessary to create § 1983 liability against her. "A defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be

4

liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'" Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Further, supervisory liability cannot be imposed under § 1983 by *respondeat superior*. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677. A plaintiff must show that an official's conduct caused the deprivation of a federally protected right. See Kentucky v. Graham, 473 U.S. 159, 166 (1985); Gittlemacker v. Prasse, 428 F.2d 1, 3 (3d Cir. 1970) (A plaintiff "must portray specific conduct by state officials which violates some constitutional right."). A prisoner's allegation that prison officials and administrators responded inappropriately or failed to respond to a prisoner's complaint or an official grievance does not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct. See Rode, 845 F.2d at 1207-08 (concluding that review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement); Pressley v. Beard, 266 F. App'x 216 (3d Cir. 2008) (prison officials cannot be held liable solely based on their failure to take corrective action when grievances or investigations were referred to them). Notably, a supervisory official has no affirmative constitutional duty to supervise or discipline subordinates so as to prevent the violation of constitutional rights. Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990).

Here, plaintiff alleges that Deputy Warden Litz had a supervisory responsibility to ensure medical care in the medical department, however *respondeat superior* is not an appropriate basis on which to bring a § 1983 claim and she had no affirmative duty to prevent employees of the medical department from violating plaintiff's constitutional rights, to the extent that plaintiff alleges they were violated. In addition, plaintiff's allegation that he sent grievances to Deputy Warden Litz is insufficient, without more, to establish personal involvement.

Because plaintiff has failed to allege an Eight Amendment medical claim against defendants upon which relief may be granted, the court will dismiss the complaint.

## IV.   Leave to Amend

The court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89 (2007). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." Phillips v. Cty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). Because it is possible that plaintiff may be able to remedy his pleading defects in an amended complaint, the court will permit plaintiff to file an amended complaint.

## V. **Conclusion**

Based on the foregoing, the court finds that plaintiff has failed to state a claim upon which relief may be granted. The complaint will be dismissed without prejudice, with leave to amend granted.

An appropriate order shall issue.

       /S/ CHRISTOPHER C. CONNER
       Christopher C. Conner
       United States District Judge
       Middle District of Pennsylvania

Dated: January 22, 2021